UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61584-CIV-DIMITROULEAS/HUNT

GAYE MCNISH,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner for Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 16, 17. The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 16, be granted and that Defendant's Motion for Summary Judgment, ECF No. 17, be denied.

## BACKGROUND

Gaye McNish ("Plaintiff") filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income on September 1, 2020. ECF No. 16 at 1-2. The Social Security Administration ("SSA") denied her claim at the initial and reconsideration levels. *Id.* at 2. A hearing on Plaintiff's disability claim took place on

October 20, 2021. *Id.* An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim on January 19, 2022. *Id.* The Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision on July 11, 2022. ECF No. 17 at 2. Plaintiff now seeks judicial review of the ALJ's decision.

## Social Security Framework

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2014. ECF No. 17 at 2. At step two, the ALJ found that Plaintiff had the following combination of severe impairments: degenerative joint disease of the left knee and scoliosis of the lumbar spine. ECF No. 16 at 2. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404. ECF No. 17 at 2-3. At step four, the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that she could frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds. *Id. at 3*. The ALJ determined that Plaintiff could

2

perform past relevant work as an addresser and billing machine operator, and as a result found that Plaintiff was not disabled.  *Id.*

## **STANDARD OF REVIEW**

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d. 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)).  Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo.  *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).  In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence.  *See Crawford*, 363 F.3d at 1158–59.

**ANALYSIS**

Plaintiff makes two arguments in support of her appeal. First, she argues the ALJ's RFC assessment at step four violated agency policy because it failed to include any mental limitations in the assessed RFC. Second, Plaintiff argues the ALJ erred by finding she could perform her past relevant work as an addresser and as a billing machine operator.

Although Plaintiff frames her first objection as an issue regarding the RFC, in her argument it is clear the real issue is the ALJ's treatment of the State Agency's three consultative examining psychologists and two reviewing psychologists. The ALJ dismissed all five of these expert opinions as "not credible." Plaintiff argues the ALJ's dismissiveness, as well as her findings of only mild limitations, fly in the face of these medical opinions, and therefore constitute reversible error.

Defendant responds the ALJ did not err in her assessment that Plaintiff suffered only from mild mental limitations. According to Defendant, the record supplies ample evidence to support not only the ALJ's assessment but also her findings regarding the persuasiveness of the psychologists' assessments. Defendant argues Plaintiff is asking this Court to make its own determination as to the persuasiveness of the psychologists' opinions, contrary to the limited scope of review afforded.

The SSA has adopted new regulations that apply to claims, such as this one, that are filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.

*See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 87144, at *4 (11th Cir. Jan. 10, 2022); 20 C.F.R. § 404.1520c(c)(1)-(5).  The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.  20 C.F.R. § 404.1520c(b)2.

"The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1).  Further, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2).  Put differently, the ALJ's analysis considers whether the medical source's opinion or the prior administrative finding is (1) supported by the source's own records and (2) consistent with the other evidence of record.  *Vachon v. Comm'r of Soc. Sec.*, No. 6:20-cv-1521-MRM, 2022 WL 458604, at *5 (M.D. Fla. Feb. 15, 2022).

At Step Two, the ALJ acknowledged the reviewing psychologists, Dr. Eric Wiener, Ph.D., and Dr. David Tessler, Psy.D., both found Plaintiff had a moderate limitation in two of the four functional areas, namely:  understanding, remembering, or applying information; and concentrating, persisting, or maintaining pace. ECF No. 9 at 23-24.  The ALJ disagreed, deciding instead that Plaintiff had only mild limitations in all areas.  In disagreeing, the ALJ cited the fact that Plaintiff did not seek out mental health treatment, and that psychiatric findings on physical examinations contradicted the findings.  *Id.*

5

The ALJ later further discussed the opinions and findings of Dr. Wiener, Dr. Tessler, consultative examining psychologist Dr. Dahlia Gordon,[1] consultative examining psychologist Dr. Karlin Donegal, and consultative examining psychologist Dr. Scott Massaro.[2] The ALJ ultimately found all these opinions and findings non-persuasive. *Id.* at 24-25. In dismissing the opinions of every psychological evaluation, the ALJ generally cited the fact that Plaintiff had not received any mental health treatment; that psychiatric findings by non-mental-health professionals on mental status examinations have been within normal limits; and that Plaintiff reported being able to carry out a wide range of activities of daily living.

Arguably, all the issues cited by the ALJ could be attributed to the supportability factor, though, even then, the undersigned might take issue with their pursuasiveness. For instance, as Plaintiff notes, "courts have long recognized the inherent unfairness of placing emphasis on a claimant's failure to seek psychiatric treatment." *Sparks v. Barnhart*, 434 F. Supp. 2d 1128, 1135 (N.D. Ala. 2006). Likewise, the ALJ's reliance on evaluations by non-psychiatrists is questionable, as "[s]evere depression is not the blues. It is a mental illness; and *health professionals, in particular psychiatrists, not lawyers or*

---

[1] Plaintiff also complains that the ALJ erred in not discussing the persuasiveness of Dr. Gordon's findings. Defendant responds that Dr. Gordon's findings did not qualify as medical opinion as the term is defined in the regulations. It is true that objective medical evidence "[is] not [a] medical opinion[ ] because [it] do[es] not necessarily provide perspectives about the claimant's functional abilities and limitations." *Maguire v. Saul*, No. 8:20-CV-710-T-TGW, 2021 WL 2284463, at *4 (M.D. Fla. June 4, 2021). As the undersigned is ultimately recommending the case be sent back for further consideration, the ALJ should likewise take a closer look at Dr. Gordon's findings to adequately and explicitly determine whether any of her findings qualify as medical opinion.

[2] The undersigned notes the ALJ does not actually mention Dr. Massaro's name in this discussion. Instead, she refers to a "Dr. Jaffe." Dr. Massaro works for a practice named Jaffe Behavioral Health, Dr. Alan Jaffe signed off on Dr. Massaro's findings, and Dr. Massaro's opinion is consistent with the evaluation attributed to Dr. Jaffe.

6

*judges, are the experts on it.*" *Id.* at 1136 (emphasis in original) (internal quotations omitted). Further, "a claimant's admission that he participates in daily activities for short durations does not necessarily disqualify him from a disability." *Crow v. Comm'r, Soc. Sec. Admin.,* 571 F. App'x 802, 807 (11th Cir. 2014).

Defendant points to the standard of review to challenge this Court's ability to reevaluate the ALJ's determinations. Defendant is correct that the scope of that review is narrow, and perhaps the ALJ's supportability determinations could survive if that were the only concern. But even if the undersigned could get past the issues regarding the ALJ's supportability analysis, it is also deeply problematic that the ALJ did not, in any way, discuss the psychological experts' relatively consistent opinions regarding Plaintiff's mental condition. For example, Dr. Donegal diagnosed Plaintiff as suffering from "major depressive disorder, recurrent and severe and with psychotic features," recommending that Plaintiff undergo psychological and psychiatric treatment for her illness. ECF No. 9 at 343. Dr. Massaro likewise found Plaintiff suffered from "major depressive disorder, severe, single episode." *Id.* at 19. Dr. Gordon found she had "chronic depressive symptoms secondary to the declines in her physical condition," also recommending psychotherapy. *Id.* at 439. Both Dr. Wiener and Dr. Tessler, perhaps unsurprisingly, likewise found evidence of depression in their reviews. *Id*. at 8; 126.

To be clear, the undersigned expresses no opinion on the persuasiveness of the psychologists' evaluations. It may well be the ALJ was correct in discounting all the psychologists' findings. However, absent a more detailed discussion of why the consistent findings should be discounted, there is a substantial risk that an ALJ could "abuse[] his discretion [by] . . . substitut[ing] his own uninformed medical evaluations for

7

those of medical professionals." *Clay v. Comm'r of Soc. Sec.*, No. 19-81103-CIV-MATTHEWMAN, 2021 WL 1198300, at *13 (S.D. Fla. Mar. 30, 2021) (quoting *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992)).  Such a discussion is particularly important here, as "[t]he principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case involving a mental disability." *Id.* (quoting *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000)).  "While the ALJ is in charge of making a determination of disability, the ALJ does not have a medical degree nor is he a qualified therapist or mental health professional." *Id.* at *15.

Although Defendant is correct that an ALJ need not use "magic language" as to supportability and consistency, the applicable regulation is clear.  An ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. § 404.1520c(b)(2)); *see also Brioso v. Kijakazi*, No. 22-21991-CIV-MARTINEZ/BECERRA, 2023 WL 5595912, at *8 (S.D. Fla. Aug. 11, 2023), *report and recommendation adopted,* No. 22-21991-CIV-MARTINEZ/BECERRA, 2023 WL 5563394 (S.D. Fla. Aug. 29, 2023).  The undersigned finds the ALJ has here failed to sufficiently address the consistency factor, and for this reason the case should be remanded for further consideration.  Given the undersigned's findings, both the RFC assessment and the ALJ's finding that Plaintiff could perform her past relevant work must be reconsidered.  Plaintiff's Motion for Summary Judgment should therefore be granted.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment ECF No. 16, be GRANTED, that Defendant's

Motion for Summary Judgment, ECF No. 17, be DENIED, and that the case be REMANDED for further consideration commensurate with this report.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 2nd day of November 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record